UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

**Julio Vladimir Diaz,**   Case No. 21-20225-RAM

Debtor.   Chapter 7

_____/

## UNITED STATES TRUSTEE'S MOTION TO DISMISS CASE PURUSANT TO 11 U.S.C. §§ 707 (b)(1) and (3)

Mary Ida Townson, United States Trustee for Region 21, files this Motion to Dismiss Case (the "Motion"), and in support hereof states as follows:

**I.   BACKGROUND**

1. On October 25, 2021, Julio Vladimir Diaz (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (ECF 1).

2. The First Meeting of Creditors was scheduled for December 1, 2021 and continued to December 22, 2021.

3. The Debtor filed his original Bankruptcy Schedules, Statement of Financial Affairs, Statement of Intention (ECF 1) on October 25, 2021, and his payment advices (ECF 10 and 11), chapter 7 statement of current monthly income, and means test calculation - Official Form 22A ((the "Official Form 22A") (ECF 7 and 8) on October 26, 2021.  The Debtor filed amended Schedules I and J on November 1, 2021 (ECF 14) and Second Amended Schedules I and J on December 7 (ECF 17) .  The Debtor checked the box on the Official Form 22A that the presumption of abuse under 11 U.S.C. § 707(b)(2) did not arise.

4. The Debtor's Bankruptcy Schedules reflect total General Unsecured Claims of $96,554 (ECF 1).

1

5. On the petition (ECF 1), the Debtor checked the box indicating the nature of the debts are "Consumer/Non-Business" debts.

6. The Debtor declared that he has two dependents in response to item 2 of Schedule J (ECF 1 & 17) and listed 4 household members in Official Form 22A (ECF 7).

7. The Debtor's Bankruptcy Schedules reflect $1,120.51 disposable monthly income (Amended Schedules I and J) (ECF 17).

8. Pursuant to Amended Schedule I at ECF 17, the Debtor is employed as an Ocean Rescue Lieutenant with Miami Dade County Fire Rescue earning $9,341.56 per month, or $112,098.72 per year. Pursuant to Amended Schedule I at ECF 17, the Debtor continues to make voluntary retirement contributions in the amount of $1,083.33 (as well as mandatory contributions $282.35).

**RELIEF REQUESTED**[1]

A. **§ 707(b)(3) Analysis**

10. 11 U.S.C. Section 707(b)(3) provides that, in considering whether granting relief would be an abuse, the Court shall consider whether the Debtor filed the petition in bad faith, or that the totality of the circumstances of the Debtor's financial situation demonstrates abuse.

11. The Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") replaced dismissal based upon "substantial abuse" under pre-BAPCPA section 707(b) with a lower "abuse" standard. See 146 Cong. Rec. S11683-11729 (section by section explanation of HR 2415), Dec. 7, 2000.

---

[1] In the event the Debtor does not consent to the relief requested or the case is not converted to chapter 13, the United States Trustee reserves the right to amend or supplement the Motion.

12. Prior to enactment of the BAPCPA, there were three major approaches for determining "substantial abuse" under §707(b): the ability to repay or "per se" rule; the "totality of the circumstances" approach; and the "hybrid" approach. Although the courts used different approaches, the common thread among the circuits was that if a debtor had the ability to repay even a portion of his debts out of future income, he should not be in chapter 7. See, e.g., In re Cox, 249 B.R. 29, 31 (Bankr. N.D. Fla. 2000).

13. Under amendments made by the BAPCPA, a court may, pursuant to section 707(b)(1), dismiss a chapter 7 case (or, with the debtor's consent, convert it to chapter 11 or 13), filed by an individual with primarily consumer debts, if it finds that granting relief would constitute an abuse. Abuse under section 707(b)(1) may be determined under two distinct and independent bases. First, pursuant to section 707(b)(2)(A)(i), a presumption of abuse may arise based on a mathematical analysis, which has already been shown in this case. And, second, if that presumption does not arise or is rebutted, a court may still determine a case abusive under section 707(b)(3).

14. Congress intended that cases that would be dismissed under former section 707(b) would still, after the BAPCPA amendments, be subject to dismissal. Consequently, a debtor's ability to pay, standing alone, may warrant dismissal under section 707(b)(3). Post-BAPCPA, courts have adopted this approach. See In re Henebery, 361 B.R. 595 (Bankr. S.D. Fla. 2007).

15. The voluntary retirement contribution is objectionable and are not reasonably necessary for the support and maintenance of the Debtor. *See, In re Parada*, 391 B.R. 492 (Bankr. S.D. Fla. 2008) (Judge Isicoff held that it was not appropriate to deduct 401(k) contributions in computing disposable income.); *In re Leung*, 311 B.R. 626, 631 (Bankr. S.D. Fla. 2004) (holding that retirement contributions are not reasonably necessary).

16. Based on the above, the particular facts of this case including but not limited to the

existence of sufficient disposable income the case should be dismissed under the totality of circumstances standard of section 11 U.S.C. 707(b)(3). Once the voluntary retirement contribution of $1,083.33 is added back to the debtor's income, disposable income increases to over $2,203 per month and the Debtor's budget shows the ability to make a meaningful distribution to creditors.

III. CONCLUSION

The Court should dismiss this case under Bankruptcy Code section 707(b)(1) for cause. Section 707(b)(1) provides that, after notice and a hearing, the Court may dismiss a case filed by an individual whose debts are primarily consumer debts if it finds that granting relief would be an abuse of the provisions of chapter 7 and section 707(b)(3).

WHEREFORE, the United States Trustee requests that the Court enters an order: i) dismissing the Debtor's case; and ii) granting such other and further relief as is deemed just and proper.

DATED: December 10, 2021.

Mary Ida Townson
United States Trustee Region 21

/s/ _____
Steven D. Schneiderman
Trial Attorney
U.S. Trustee's Office
51 SW 1st Ave.
Miami, FL 33130
(305) 536-7285

CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a true and correct copy of the foregoing Motion has been served on the following parties on December 10, 2021, electronically through CM/ECF, on parties having appeared electronically in the instant matter and that a copy hereof shall be served by U.S. Mail, postage prepaid, on the following parties not appearing electronically:

- Ross R Hartog   rhartog@mrthlaw.com, FL81@ecfcbis.com, rhartog@ecf.epiqsystems.com, rrh@trustesolutions.net, rhartog@ecf.courtdrive.com
- Pedro L Menendez   pmenendez@pedromenendezlaw.com

Julio Vladimir Diaz
810 SW 105 Ave., Apt. 505
Miami, FL 33174-2641

Synchrony Bank
PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

      I hereby certify that I am admitted to the Bar of the State of Illinois and that I am excepted from additional qualifications to practice in this Court pursuant to Local Rules 9011-4 and 2090(B)(2)(b) pertaining to attorneys representing the United States government.

/s/ _____
Steven D. Schneiderman
Trial Attorney
U.S. Trustee's Office
51 SW 1st Ave. Miami, FL 33130
Phone: (305) 536-7285